IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EATRIC SIMPSON,

   Plaintiff,

   v.

WARDEN WEBER, *et al.*,

   Defendants.

Civil Action No.: SAG-23-1414

**MEMORANDUM AND ORDER**

On May 25, 2023, Plaintiff Eatric Simpson, currently confined at Western Correctional Institution ("WCI"), filed a civil complaint, which the Court construes as a complaint filed pursuant to 42 U.S.C. § 1983. ECF No. 1. However, for the reasons that follow, Simpson's Complaint cannot proceed. He will be afforded an opportunity to amend his Complaint to correct the deficiencies noted.

The Court is required to screen Simpson's Complaint before it may proceed, and must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    I.    Complaint Allegations

Simpson alleges that on January 18, 2023, he was placed on administrative segregation for an alleged assault. ECF No. 1. He states that a week later, the charges were found to be unsubstantiated, and he was returned to housing in the general population. *Id.* Because he was on

administrative segregation less than two weeks, he states that he "should have been restored to [his] original status: job and housing unit, but [he] was not." *Id.* He states that this violates institution policy. *Id.* As Defendants, he names WCI Warden Weber, WCI Assistant Warden Butler, WCI Security Chief Harbaugh, and WCI Officer Frazee, COII. *Id.* As relief, he seeks $25,000.00.

II. Failure to State a Claim

Here, Simpson's Complaint, even construed liberally, cannot provide any basis for relief. First, at its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Philips*

*v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 181 (4th Cir. 2009) ("[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient.") (citations and internal quotation marks omitted).

Further, in a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation.  *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).  A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff.  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Simpson has not alleged any conduct attributable to the four named defendants, nor has he presented information from which supervisory liability might attach.  Indeed, Simpson does not explain how the named Defendants were at all involved in the alleged violation of his rights.  Further, it is not clear from Simpson's Complaint which constitutional right or rights he believes

were violated. He will be afforded an opportunity to file an Amended Complaint as outlined below.

Additionally, the Court notes that Simpson drafted his Complaint on forms for the Maryland State court system. It is possible, therefore, that Simpson intended to file this Complaint in state, rather than federal court. If that is the case, Simpson should notify this Court promptly that he wishes to voluntarily dismiss this action.

### III.     Amendment

Because Simpson proceeds *pro se*, he will be afforded an opportunity to amend the Complaint to add proper defendants and facts supporting his allegations. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). In amending his Complaint, Simpson should explain how each of the named defendants were *personally* involved in the alleged misconduct by identifying how their actions or inactions violated his federal rights. Further, Simpson should detail the harm he suffered because of the actions or inactions of each defendant. Simpson should also include any additional factual details which support his claims.

Any proposed amended complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) requires that complaint allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).  Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing.  *See* Fed. R. Civ. Proc. 10(a).

Simpson is reminded that the amended complaint will replace the current Complaint.  *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)).  Accordingly, Simpson must include all allegations against each of the defendants he names so that the amended complaint stands alone as the sole complaint in this case.

Last, Simpson is warned that failure to file an amended complaint consistent with this Order may result in the dismissal of the case with prejudice.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  If Simpson, while incarcerated, has three such actions or appeals dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed.  *See* 28 U.S.C. § 1915(g).

Accordingly, it is this 9th day of June, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Simpson IS GRANTED leave to file an amended complaint as directed above within 28 days of the date of this Order;

2. Simpson IS FOREWARNED that:

   a. The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and

   b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this order without further notice; and

3.  The Clerk SHALL SEND to Simpson a copy of this Order, a copy of the original Complaint and a blank civil rights complaint form with included instructions.

           _____/s/_____
           Stephanie A. Gallagher
           United States District Judge